1

2

3

4

5

6

7

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

8

| | |
|---|---|
| ROBERT JOHNSON and KRISTIN JOHNSON, husband and wife,<br><br>Plaintiffs,<br>v.<br><br>NATIONSTAR MORTGAGE LLC, a Delaware limited liability company,<br><br>Defendant. | NO.  2:16-cv-01031-JLR<br><br>**STIPULATION OF PARTIES RE CONFIDENTIAL PROTECTED MATERIALS AND ~~[PROPOSED]~~ ORDER THEREON**<br><br>Noting Date: May 8, 2017 |

9

10

11

12

13

14

## I.  PURPOSES AND LIMITATIONS

15

Discovery in this action is likely to involve production of confidential, proprietary,

16

private, and/or confidential information for which special protection is warranted.

17

Accordingly, Plaintiffs Robert Johnson and Kristin Johnson, and Defendant Nationstar

18

Mortgage LLC ("Nationstar"), hereby stipulate to and petition the Court to enter the

19

following Stipulated Protective Order.

20

The parties acknowledge that this Stipulation is consistent with LCR 26(c).  It does

21

not confer blanket protection on all disclosures or responses to discovery.  The protection it

22

affords from public disclosure and use extends only to the limited information or items that

23

24

104034/000039/01734647-1

25

STIPULATION OF PARTIES RE
CONFIDENTIAL PROTECTED
MATERIALS AND [PROPOSED]
ORDER THEREON – 1
Case No. 2:16-cv-01031-JLR

ANGLIN FLEWELLING RASMUSSEN
CAMPBELL & TRYTTEN LLP
701 Pike Street, Suite 1560
Seattle, WA 98101
(206) 492-2300 | Fax (206) 492-2319

1   are entitled to confidential treatment under applicable legal principles, and it does not
2   presumptively entitle parties to file confidential information under seal.

3                        **II. "CONFIDENTIAL" MATERIAL**

4        "Confidential" material shall include the following documents and tangible things
5   produced or otherwise exchanged:

6        2.1.    Any person's confidential personal financial information, including bank
7   account numbers, former or current loan numbers, social security numbers, and related
8   personal identifying and/or financial information included on loan applications, bank
9   statements, mortgage statements, tax returns, property preservation records, and/or related
10   documents.

11       2.2.    Nationstar's documented communications with third-parties and entries
12   contained within Nationstar's Collection History Profile and LPS Notes referencing
13   property inspection and preservation services concerning, and the Notice of Default to be
14   served on, Richard E. McKinley and Louann C. McKinley (the "McKinley's") for their
15   loan serviced by Nationstar and secured by the real property formerly owned by the
16   McKinley's at Lot 5, Sudden Valley, Division No. 38, Whatcom County, Washington (the
17   "McKinley Property").

18       2.3.    All other materials as may be designated by the parties and included by way
19   of Amended Stipulations re Confidential Protected Materials, to be filed with the Court.

20                            **III.    SCOPE**

21       The protections conferred by this Stipulation cover not only confidential materials
22   (as defined above), but also: (1) any information copied or extracted from confidential

23

24   104034/000039/01734647-1
     STIPULATION OF PARTIES RE                ANGLIN FLEWELLING RASMUSSEN
25   CONFIDENTIAL PROTECTED                     CAMPBELL & TRYTTEN LLP
     MATERIALS AND [PROPOSED]                    701 Pike Street, Suite 1560
     ORDER THEREON – 2                             Seattle, WA 98101
     Case No. 2:16-cv-01031-JLR            (206) 492-2300 | Fax (206) 492-2319

1   materials; (2) all copies, excerpts, summaries, and/or compilations of confidential

2   materials; and (3) any testimony, conversations, and/or presentations by parties and/or their

3   counsels that might reveal confidential materials.  However, the protections conferred by

4   this Stipulation do not cover information that is in the public domain or becomes part of

5   the public domain through trial or otherwise.

6       **IV.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL**

7       4.1.    Basic Principles.  A receiving party may use confidential material that is

8   disclosed or produced by another party or by a non-party in connection with this case only

9   for prosecuting, defending, and/or attempting to settle this litigation.  Confidential material

10  may be disclosed only to the categories of persons and under the conditions described in

11  this Stipulation.  Confidential material must be stored and maintained by a receiving party

12  at a location and in a secure manner that ensures that access is limited to the persons

13  authorized under this Stipulation.

14      4.2.    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

15  ordered by the Court or permitted in writing by the designating party, a receiving party

16  may disclose any confidential material only to:

17          a.    the receiving party's counsel of record in this action, as well as

18  employees of counsel to whom it is reasonably necessary to disclose the information for

19  this litigation;

20          b.    the officers, directors, and employees (including in-house counsel)

21  of the receiving party to whom disclosure is reasonably necessary for this litigation, unless

22

23

24  104034/000039/01734647-1

25  STIPULATION OF PARTIES RE          ANGLIN FLEWELLING RASMUSSEN
    CONFIDENTIAL PROTECTED             CAMPBELL & TRYTTEN LLP
    MATERIALS AND [PROPOSED]           701 Pike Street, Suite 1560
    ORDER THEREON – 3                  Seattle, WA 98101
    Case No. 2:16-cv-01031-JLR         (206) 492-2300 | Fax (206) 492-2319

1    the parties agree that a particular document or material produced is for Attorney's Eyes

2    Only and is so designated;

3           c.    experts and consultants to whom disclosure is reasonably necessary

4    for this litigation and who have signed the "Acknowledgement and Agreement to be

5    Bound" (Exhibit A);

6           d.    the court, court personnel, court reporters, and their staff;

7           e.    copy or imaging services retained by counsel to assist in the

8    duplication of confidential material, provided that counsel for the party retaining the copy

9    or imaging service instructs the service not to disclose any confidential material to third

10   parties and to immediately return all originals and copies of any confidential material;

11          f.    during their depositions, witnesses in the action to whom disclosure

12   is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be

13   Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the

14   court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal

15   confidential material must be separately bound by the court reporter and may not be

16   disclosed to anyone except as permitted under this Stipulation; and

17          g.    the author or recipient of a document containing the confidential

18   information or a custodian or other person who otherwise already possesses or knows the

19   information.

20   4.3.   Filing Confidential Materials.   Before filing confidential material or

21   discussing or referencing such material in court filings, the filing party shall confer with

22   the designating party to determine whether the designating party will remove the

23

24   104034/000039/01734647-1

       STIPULATION OF PARTIES RE                    ANGLIN FLEWELLING RASMUSSEN
25     CONFIDENTIAL PROTECTED                         CAMPBELL & TRYTTEN LLP
       MATERIALS AND [PROPOSED]                       701 Pike Street, Suite 1560
       ORDER THEREON – 4                              Seattle, WA 98101
       Case No. 2:16-cv-01031-JLR                    (206) 492-2300 | Fax (206) 492-2319

1  confidential designation, whether the document may be redacted, or whether a motion to
2  seal, and/or stipulation and proposed order is warranted.  Local Civil Rule 5(g) sets for the
3  procedures that must be followed and the standards that will be applied when a party seeks
4  permission from the court to file material under seal.

5                  **V.     DESIGNATING PROTECTED MATERIAL**

6         5.1.   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each
7  party or non-party that designates information or items for protection under this Stipulation
8  must take care to limit any such designation to specific material that qualifies under the
9  appropriate standards.  The designating party must designate for protection only those parts
10  of material, documents, items, and/or oral or written communications that quality, so that
11  other portions of the material, documents, items, and/or communications for which
12  protection is not warranted are not included unjustifiably within the ambit of this
13  Stipulation.

14        Mass, indiscriminate, or routinized designations are prohibited.  Designations that
15  are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to
16  unnecessarily encumber and/or delay the case development process and/or to impose
17  unnecessary expenses and burdens on other parties) expose the designating party to
18  sanctions.

19        If it comes to a designating party's attention that information or items that it
20  designated for protection do not qualify for protection, the designating party must promptly
21  notify all other parties that it is withdrawing the mistaken designation.

22
23
24  104034/000039/01734647-1

STIPULATION OF PARTIES RE
25  CONFIDENTIAL PROTECTED
MATERIALS AND [PROPOSED]
ORDER THEREON – 5
Case No. 2:16-cv-01031-JLR

ANGLIN FLEWELLING RASMUSSEN
CAMPBELL & TRYTTEN LLP
701 Pike Street, Suite 1560
Seattle, WA 98101
(206) 492-2300 | Fax (206) 492-2319

1        5.2.   Manner and Timing of Designations.  Except as otherwise provided in this

2    Stipulation (see, *e.g.,* second paragraph of section 5.2(a) below), or as otherwise stipulated

3    or ordered, disclosure or discovery material that qualifies for protection under this

4    Stipulation must be clearly so designated before or when the material is disclosed or

5    produced, as follows:

6        a.  Information in documentary form (*e.g.,* paper or electronic documents

7    and deposition exhibits, excluding transcripts of depositions, or other pretrial or trial

8    proceedings): The designating party must affix the word "CONFIDENTIAL" to each page

9    that contains confidential material.  If only a portion of the material on a page qualifies for

10   protection, the producing party also must clearly identify the protected portion(s) (*e.g.,* by

11   making appropriate markings in the margins).

12       b.  Testimony given in deposition or in other pretrial or trial proceedings:

13   the parties must identify on the record, during the deposition, hearing, or other proceeding,

14   all protected testimony, without prejudice to their right to so designate other testimony

15   after reviewing the transcript.  Any party or non-party may, within fifteen days after

16   receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as

17   confidential.

18       c.  Other tangible items: the producing party must affix in a prominent place

19   on the exterior of the container or containers in which the information or item is stored the

20   word "CONFIDENTIAL".  If only a portion of the information or item warrant protection,

21   the producing party, to the extent practicable, shall identify the protected portion(s).

22

23

24   104034/000039/01734647-1

    STIPULATION OF PARTIES RE           ANGLIN FLEWELLING RASMUSSEN

25       CONFIDENTIAL PROTECTED            CAMPBELL & TRYTTEN LLP

    MATERIALS AND [PROPOSED]            701 Pike Street, Suite 1560

    ORDER THEREON – 6                   Seattle, WA 98101

    Case No. 2:16-cv-01031-JLR         (206) 492-2300 | Fax (206) 492-2319

1    5.3.    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure

2    to designate qualified information or items does not, standing alone, waive the designating

3    party's right to secure protection under this Stipulation for such material.  Upon timely

4    correction of a designation, the receiving party must make reasonable efforts to ensure that

5    the material is treated in accordance with the provisions of this Stipulation.

6    **VI.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7    6.1.    Timing of Challenges. Any party or non-party may challenge a designation

8    of confidentiality at any time.  Unless a prompt challenge to a designating party's

9    confidentiality designation is necessary to avoid foreseeable, substantial unfairness,

10   unnecessary economic burdens, or a significant disruption or delay of the ligation, a party

11   does not waive its right to challenge a confidentiality designation by electing not to mount

12   a challenge promptly after the original designation is disclosed.

13   6.2.    Meet and Confer. The parties must make every attempt to resolve any

14   dispute regarding confidential designations without court involvement.  Any motion

15   regarding confidential designations or for a protective order must include a certification, in

16   the motion or in a declaration or affidavit, that the movant has engaged in a good faith

17   meet and confer conference with other affected parties in an effort to resolve the dispute

18   without court action.  The certification must list the date, manner, and participants to the

19   conference.  A good faith effort to confer requires a face-to-face meeting or a telephone

20   conference.

21   6.3.    Judicial Intervention. If the parties cannot resolve a challenge without court

22   intervention, the designating party may file and serve a motion to retain confidentiality

23

24   104034/000039/01734647-1
STIPULATION OF PARTIES RE                ANGLIN FLEWELLING RASMUSSEN
25   CONFIDENTIAL PROTECTED                  CAMPBELL & TRYTTEN LLP
MATERIALS AND [PROPOSED]                701 Pike Street, Suite 1560
ORDER THEREON -- 7                      Seattle, WA 98101
Case No. 2:16-cv-01031-JLR              (206) 492-2300 | Fax (206) 492-2319

1    under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable).

2    The burden of persuasion in any such motion shall be on the designating party. Frivolous

3    challenges, and those made for an improper purpose (*e.g.,* to harass or impose unnecessary

4    expenses and burdens on other parties) may expose the challenging party to sanctions. All

5    parties shall continue to maintain the material in question as confidential until the court

6    rules on the challenge.

7    **VII.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED**

8    **IN OTHER LITIGATION**

9         If a party is served with a subpoena or a court order issued in other litigation that

10   compels disclosure of any information or items designated in this action as

11   "CONFIDENTIAL", that party must:

12        a.     promptly notify the designating party in writing and include a copy of the

13   subpoena or court order;

14        b.     promptly notify in writing the party who caused the subpoena or order to

15   issue in other litigation that some or all of the material covered by the subpoena or order is

16   subject to this Stipulation. Such notification shall include a copy of this Stipulation; and

17        c.     cooperate with respect to all reasonable procedures sought to be pursued by

18   the designating party whose confidential material may be affected.

19   **VIII.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

20        If a receiving party learns that, by inadvertence or otherwise, it has disclosed

21   confidential material to any person or in any circumstance not authorized under this

22   Stipulation, the receiving party must immediately: (a) notify in writing the designating

23

24   104034/000039/01734647-1
     STIPULATION OF PARTIES RE

25   CONFIDENTIAL PROTECTED
     MATERIALS AND [PROPOSED]
     ORDER THEREON -- 8
     Case No. 2:16-cv-01031-JLR

ANGLIN FLEWELLING RASMUSSEN
CAMPBELL & TRYTTEN LLP
701 Pike Street, Suite 1560
Seattle, WA 98101
(206) 492-2300 | Fax (206) 492-2319

1  party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized

2  copies of the protected material; (c) inform the person or persons to whom unauthorized

3  disclosures were made of all the terms of this Stipulation; and (d) request that such person

4  or persons execute the "Acknowledgement and Agreement to be Bound" that is attached

5  hereto as Exhibit A.

6  ### IX.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

7  ### PROTECTED MATERIAL

8  When a producing party give notice to receiving parties that certain inadvertently

9  produced material is subject to a claim of privilege or other protection, the obligations of

10  the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

11  This provision is not intended to modify whatever procedure may be established in an e-

12  discovery order or agreement that provides for production without prior privilege review.

13  Parties shall confer on an appropriate non-waiver order under Fed. R. Evid. 502.

14  ### X.  NON TERMINATION AND RETURN OF DOCUMENTS

15  Within 60 days after the termination of this action, including all appeals, each

16  receiving party must return all confidential material to the producing party, including all

17  copies, extracts, and summaries thereof.   Alternatively, the parties may agree upon

18  appropriate methods of destruction.

19  Notwithstanding this provision, counsel are entitled to retain one archival copy of

20  all  documents  filed  with  the  court,  trial,  deposition,  and  hearing  transcripts,

21  correspondence, deposition and trial exhibits, expert reports, attorney work product, and

22  consultant and expert work product, even if such materials contain confidential material.

23

24  104034/000039/01734647-1

STIPULATION OF PARTIES RE                ANGLIN FLEWELLING RASMUSSEN
25  CONFIDENTIAL PROTECTED                   CAMPBELL & TRYTTEN LLP
MATERIALS AND [PROPOSED]                  701 Pike Street, Suite 1560
ORDER THEREON – 9                            Seattle, WA 98101
Case No. 2:16-cv-01031-JLR           (206) 492-2300 | Fax (206) 492-2319

1    The confidentiality obligations imposed by this Stipulation shall remain in effect

2    until a designating party agrees otherwise in writing or a court orders otherwise.

3    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

4    DATED this 5th day of May, 2017.

5    Stipulated and Agreed to:

6    AFRCT, LLP

7    /s/ Barbara L. Bollero

8    Barbara L. Bollero, WSBA No. 28906
     *Attorneys for Defendant Nationstar Mortgage LLC*

9

10   Stipulated and Agreed to:

11   /s James Sturdevant

12   James Sturdevant, WSBA No. 8016
     *Attorney for Plaintiffs*

13

14   PURSUANT TO STIPULATION, IT IS SO ORDERED.

15   DATED this 15th day of May, 2017.

16

17   _____
     JUDGE JAMES L. ROBART

18   U.S. District Court Judge

19

20

21

22

23

24   104034/000039/01734647-1

     STIPULATION OF PARTIES RE                    ANGLIN FLEWELLING RASMUSSEN
25   CONFIDENTIAL PROTECTED                       CAMPBELL & TRYTTEN LLP
     MATERIALS AND [PROPOSED]                     701 Pike Street, Suite 1560
     ORDER THEREON -- 10                          Seattle, WA 98101
     Case No. 2:16-cv-01031-JLR                   (206) 492-2300 | Fax (206) 492-2319

**EXHIBIT A**

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the terms of the Stipulated Protective Order issued by the U.S. District Court for the Western District of Washington, on _____, [date] in the case of *Robert Johnson and Kristin Johnson v. Nationstar Mortgage LLC,* Case No. 2:16-cv-01031-JLR.  I agree to comply with and be bound by the terms of that Stipulated Protective Order, and I understand and acknowledge that my failure to comply could expose me to sanctions and punishment of contempt.

I solemnly promise that I will not disclose in any manner any information or item that is subject to that Stipulated Protective Order to any person or entity except in strict compliance with the provisions of that Order.  I further agree to submit to the jurisdiction of the U.S. District Court for the Western District of Washington, for the purpose of enforcing the terms of that Stipulated Protective Order, even if such enforcement proceedings occur after termination of that litigation.

I DECLARE UNDER THE PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF WASHINGTON AND THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

Date: _____

City and State where sworn and signed: _____

104034/000039/01734647-1
STIPULATION OF PARTIES RE
CONFIDENTIAL PROTECTED
MATERIALS AND [PROPOSED]
ORDER THEREON -- 11
Case No. 2:16-cv-01031-JLR

ANGLIN FLEWELLING RASMUSSEN
CAMPBELL & TRYTTEN LLP
701 Pike Street, Suite 1560
Seattle, WA 98101
(206) 492-2300 | Fax (206) 492-2319

1   Printed name: _____

2   Signature: _____

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24   104034/000039/01734647-1

STIPULATION OF PARTIES RE
25   CONFIDENTIAL PROTECTED
MATERIALS AND [PROPOSED]
ORDER THEREON – 12
Case No. 2:16-cv-01031-JLR

ANGLIN FLEWELLING RASMUSSEN
CAMPBELL & TRYTTEN LLP
701 Pike Street, Suite 1560
Seattle, WA 98101
(206) 492-2300 | Fax (206) 492-2319