UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT JOHNSON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC,<br><br>Defendant. | CASE NO. C16-1031JLR<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR A PROTECTIVE ORDER |

## I. INTRODUCTION

Before the court is Defendant Nationstar Mortgage LLC's ("Nationstar") motion for a protective order regarding Plaintiffs Robert Johnson and Kristin Johnson's (collectively, "the Johnsons") notice for a Federal Rule of Civil Procedure 30(b)(6) deposition. (Mot. (Dkt. # 22).) The court has considered the motion, the parties' submissions in support of and opposition to the motion, the relevant portions of the

record, and the applicable law. Being fully advised,[1] the court grants in part and denies in part Nationstar's motion as described herein.

## II. BACKGROUND

The Johnsons filed this action on July 1, 2016. (*See* Compl. (Dkt. # 1).) The Johnsons allege that they suffered damages because Nationstar improperly initiated foreclosure proceedings against their home. (*See generally id.*) They assert claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, and Washington's Consumer Protection Act, RCW ch. 19.86. (Compl. ¶¶ 21-26, 40-42.) They also assert claims for negligence and negligent training and supervision. (*Id.* ¶¶ 27-39.)

On October 14, 2016, the court issued a scheduling order. (Sched. Ord. (Dkt. # 11).) The court set the trial to start on September 11, 2017. (*Id.* at 1.) The court also set the discovery cutoff on May 15, 2017, and the deadline for motions related to discovery issues on April 14, 2017. (*Id.*) The court set the deadline for filing dispositive motions on June 13, 2017. (*Id.*) Nationstar filed a motion for partial summary judgment on May 4, 2017. (*See* Nationstar PSJ Mot. (Dkt. # 16).) The Johnsons filed a response to Nationstar's motion and a cross motion for summary judgment on May 25, 2017. (Johnson SJ Mot. (Dkt. # 31).)

On May 3, 2017, the Johnsons served Nationstar with a notice for a Rule 30(b)(6) deposition of Nationstar in Seattle, Washington, on May 12, 2017. (1st Bollero Decl. (Dkt. # 23) ¶ 5, Ex. M.) The Johnsons served their deposition notice upon Nationstar

---

[1] No party has requested oral argument, and the court does not consider oral argument to be helpful to its disposition of this motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

prior to the May 15, 2017, discovery cutoff, but after the April 14, 2017, deadline for filing motions related to discovery issues. (*See* Sched. Ord. at 1; *see also* 1st Bollero Decl. ¶ 5, Ex. M; Resp. (Dkt. # 26) at 2; Sturdevant Decl. (Dkt. # 27) ¶ 3.)

According to Nationstar's counsel, "Nationstar typically does not have witnesses available for [c]ourt appearances, depositions, mediations, and related proceedings without being provided at least 30 days' advance notice." (*Id.* ¶ 3.) On May 3, 2017, Nationstar's counsel informed the Johnsons' counsel that Nationstar did not have any witnesses available for a Rule 30(b)(6) deposition until sometime in June 2017. (*See* Mot. at 3; *see also* 1st Bollero Decl. ¶ 2.) Nationstar's counsel requested that the Johnsons' counsel provide alternate dates for the Rule 30(b)(6) deposition. (*See* Mot. at 4; 1st Bollero Decl. ¶ 2.) The parties also discussed a possible extension of the discovery cutoff. (*See* Mot. at 4; 1st Bollero Decl. ¶ 2.)

On May 8, 2017, the Johnsons' counsel advised Nationstar's counsel of his availability on any Monday in June. (*See* Mot. at 4; 1st Bollero Decl. ¶ 2.) On May 9, 2017, Nationstar's counsel confirmed to the Johnsons' counsel that Nationstar's Rule 30(b)(6) witness would be available on June 19, 2017. (*See* Mot. at 4; 1st Bollero Decl. ¶ 2.) However, Nationstar's counsel also stated that she was not sure if Nationstar would agree to an extension of the discovery cutoff for the purpose of conducting the deposition. (*See* Mot. at 4; 1st Bollero Decl. ¶ 2.) In response, the Johnsons' counsel indicated his intention to go forward with the May 12, 2017, noticed Rule 30(b)(6) deposition unless Nationstar filed a motion for a protective order. (*See* Mot. at 4; 1st Bollero Decl. ¶ 2.)

Nationstar also objects to the Johnsons' Rule 30(b)(6) deposition notice because the Johnsons scheduled the deposition in Seattle, Washington, rather than in Coppell, Texas, which is the location of Nationstar's main office. (*See* Mot. at 3; 1st Bollero Decl. ¶¶ 2-3.) The Johnsons' attorney, however, responds that he is "prepared to depose Nationstar over the telephone." (Sturdevant Decl. ¶ 3.)

On May 11, 2017, Nationstar filed the present motion for a protective order seeking protection that "its deposition not . . . occur on the date and location as currently scheduled."[2] (*See* Mot. at 6.) The Johnsons oppose the motion.[3] (*See generally* Resp.)

### III. ANALYSIS

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Options available to the court include "forbidding the disclosure or

---

[2] Nationstar filed its motion for a protective order after the expiration of the April 14, 2017, deadline for filing motions related to discovery. (*See* Sched. Ord. at 1.) However, Nationstar had good cause for filing its motion after the April 14, 2017, deadline because the Johnsons did not serve their Rule 30(b)(6) deposition notice until May 3, 2017. (1st Bollero Decl. ¶ 5, Ex. M); *see Charm Floral v. Wald Imports, Ltd.*, No. C10-1550-RSM, 2012 WL 424581, at *1 (W.D. Wash. Feb. 9, 2012) (citing Fed. R. Civ. P. 6(b)) ("[Plaintiffs] had good cause to file the motion after the deadline because the discovery dispute to which it relates did not arise until after the discovery motion deadline had passed."); *see also Lizotte v. Praxair, Inc.*, No. 07-1868RSL, 2009 WL 159249, *1 n.1 (W.D. Wash. Jan. 22, 2009) ("Plaintiff filed his motion on December 21, 2008, which was after the deadline for filing motions related to discovery. However, the Court finds that plaintiff had good cause to file the motion after the deadline because the conduct underlying this motion occurred after the deadline. For that reason, plaintiff could not have filed this motion sooner.").

[3] The Johnsons' response to Nationstar's motion for a protective order was due on Wednesday, May 17, 2017. *See* Local Rules W.D. Wash. LCR 7(b)(2) ("[A]ny papers opposing [second Friday] motions . . . shall be filed and received by the moving party no later than the Wednesday before the noting date."). The Johnsons did not file their response until Thursday, May 18, 2017. (*See* Resp.) Accordingly, the Johnsons' response was untimely. The court will consider the Johnsons' response, but cautions counsel that further violations of the court's Local Rules may result in sanctions.

discovery . . . [and] forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(A), (D). The party seeking to limit discovery has the burden of proving 'good cause,' which requires a showing 'that specific prejudice or harm will result' if the protective order is not granted." *Schreib v. Am. Family Mut. Ins. Co.*, 304 F.R.D. 282, 285 (W.D. Wash. 2014) (quoting *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011)).

The court will grant in part Nationstar's motion because, with little consultation, the Johnsons noted the Rule 30(b)(6) deposition on a date that Nationstar's Rule 30(b)(6) designated deponent was not available. However, Nationstar's blanket position that it typically does not make deposition witnesses available "without being provided at least 30 days' advance notice" is unreasonable. (*See* Sturdevant Decl. ¶ 3.) At a minimum, Nationstar must inquire as to a specific witness's actual availability for a properly noticed deposition prior to insisting on the witness's unavailability or the rescheduling of the deposition. In any event, the parties have already arrived at a solution to their scheduling issue. Counsel for the parties and Nationstar's Rule 30(b)(6) deponent are all available on Monday, June 19, 2017. (*See* Mot. at 4; 1st Bollero Decl. ¶ 2.) Thus, the court grants an extension of the discovery cutoff until June 19, 2017, for the sole purpose of conducting a deposition of Nationstar's designated Rule 30(b)(6) deponent. Further, the court orders Nationstar to make its designated deponent available on that day for a Rule 30(b)(6) deposition by the Johnsons' counsel.

//

The court will also grant Nationstar's motion in part with respect to the location of the Rule 30(b)(6) deposition. Nationstar is correct that generally counsel should conduct the deposition of a corporate party by the corporation's agents or officers at the company's principle place of business. *Imageware Sys., Inc. v. Fulcrum Biometrics, LLC*, No. 13CV936-DMS(JMA), 2014 WL 12489939, at *2 (S.D. Cal. Nov. 26, 2014); *Lewis v. Ford Motor Co.*, 685 F. Supp. 2d 557, 573 (W.D. Pa. 2010). Although a party can overcome this presumption, *see Imageware Sys.*, 2014 WL 12489939, at *2 (listing the factors to consider), the Johnsons do not attempt to do so (*see generally* Resp.). Instead, the Johnsons' counsel states that he is "prepared to depose Nationstar over the telephone." (Sturdevant Decl. ¶ 3.) The court agrees that this is a reasonable solution. Accordingly, the court orders the parties to conduct the Rule 30(b)(6) deposition of Nationstar on June 19, 2017, over the telephone or via videoconference. If Nationstar does not wish its Rule 30(b)(6) deponent to submit to a telephonic or remote video deposition, then Nationstar can make its deponent available in Seattle, Washington, on June 19, 2017.

The Johnsons argue that they are disadvantaged by the June 19, 2017, date for Nationstar's Rule 30(b)(6) deposition because the deposition will occur after the June 13, 2017, deadline for filing dispositive motions. (*See* Resp. at 2.) Although the Johnsons timely noted Nationstar's Rule 30(b)(6) deposition prior to the May 15, 2017, discovery cutoff, they nevertheless served the notice after the April 14, 2017, deadline for discovery motions. (*See* Sched. Ord. at 1.) The court sets the deadline for discovery motions approximately 30 days prior to the discovery cutoff to help ensure that all discovery

disputes are resolved prior to the discovery cutoff. (*See generally id.*) Adhering to this schedule helps ensure a full record for purposes of any dispositive motions that the parties may file. Because the Johnsons noted Nationstar's Rule 30(b)(6) deposition after the deadline for discovery motions, they assumed the risk that any dispute regarding the Rule 30(b)(6) deposition would not be resolved prior to the discovery cutoff or the dispositive motions deadline. Thus, the court is not swayed to alter its ruling by the Johnsons' argument.

The Johnsons also argue that they did not note the Rule 30(b)(6) deposition earlier in the discovery period because Nationstar delayed its production of documents. (*See id.* at 2-3.) Although the Johnsons filed a motion to compel discovery on April 14, 2017 (Mot. to Compel (Dkt. # 13)), they did so in contravention to the court's scheduling order requiring a movant to request a conference with the court prior to filing such a discovery motion (*see* 4/17/17 Order (Dkt. # 15); Sched. Ord. at 2). Accordingly, the court struck the Johnsons' motion to compel, but without prejudice to renewing the motion in a manner that comported with the court's scheduling order. (4/17/17 Order at 2.) Indeed, the court even extended the deadline for discovery motions so that the Johnsons could re-file their motion. (*Id.* at 2 n.1.) The Johnsons, however, never re-filed their motion. (*See generally* Dkt.) Having failed to re-file their motion to compel, the Johnsons cannot now complain that they were disadvantaged by any delay in Nationstar's document production.

//

//

## IV. CONCLUSION

Based on the foregoing analysis, the court GRANTS in part and DENIES in part Nationstar's motion for a protective order (Dkt # 22). The court ORDERS Nationstar to produce its designated witness for a Rule 30(b)(6) deposition on June 19, 2017. The court further ORDERS the parties to conduct the Rule 30(b)(6) deposition by telephone or videoconference. If Nationstar does not wish its Rule 30(b)(6) witness to be deposed via a telephone or video link, then the court ORDERS Nationstar to produce its witness in Seattle, Washington on June 19, 2017, for an in-person Rule 30(b)(6) deposition.

Dated this 2nd day of June, 2017.

JAMES L. ROBART
United States District Judge